UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:18-cv-150-MOC-DSC

| | |
|---|---|
| **RODNEY GENE YORK,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **ERICA A. HOOKS,** ) | |
| **Secretary, N.C. Dept. of Public Safety, et. al,** ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the court on respondent's Motion for Summary Judgment. Having considered respondent's motion and reviewed the pleadings, the court enters the following Order.

**FINDINGS AND CONCLUSIONS**

**I.   Background**

Petitioner was arrested on July 17, 2013, in Mitchell County, North Carolina, and charged under N.C. Gen. Stat. § 14-27.7(a) with: one count of indecent liberties with a minor; and two counts of misdemeanor contributing to the delinquency of a minor.

On September 30, 2013, petitioner pled guilty to one count of statutory rape/sex offense pursuant to a counseled plea agreement and was sentenced to 240-348 months imprisonment by the Honorable Gary M. Gavenus, Superior Court Judge. The remaining charges were dismissed. Petitioner did not direct appeal the state court's Judgment. Petitioner was represented by Charlie

A. Hunt, Jr.[1]

On June 4, 2016, petitioner filed a counseled Motion for Appropriate Relief ("MAR") in Superior Court. An evidentiary hearing was conducted by Judge Gavenus on petitioner's MAR on November 14 and 15, 2016, at which petitioner was represented by counsel, J. Bradley Smith. On May 11, 2017, Judge Gavenus issued a written decision denying the MAR on the merits. On December 19, 2017, petitioner sought *certiorari* of that determination by the North Carolina Court of Appeals of the denial of his MAR through his *habeas* counsel, Mr. Tharp. The North Carolina Court of Appeals denied the petition for *certiorari* on January 16, 2018.

On June 1, 2018, petitioner, through counsel, filed the instant petition seeking federal *habeas* under 28, United States Code, Section 2254. On June 3, 2018, this Court conducted a initial review of the petition and directed that the State of North Carolina file an Answer or other response. On June 21, 2018, respondent filed a Response and a Motion for Summary Judgment (#4), which has now been fully briefed. The matter is ripe for review.[2]

## II.  Standard Applicable to Summary Judgment Motions

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it may affect the suit's outcome under governing law. Id. The movant has the

---

[1]  The Court notes that Mr. Hunt was retained for the limited purpose of negotiating a plea deal.
[2]  The Court notes that petitioner has included in his Response (#6) a request for discovery. To the extent such is directed to the Court, such request is summarily denied inasmuch as motions cannot be contained in responses to other motions. L.Civ.R. 7.1(c)(2). Furthermore, petitioner has failed to show a basis for allowance of discovery under Rule 6(a) of the Federal Rules Governing Section 2254 proceedings.

"initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). The burden then shifts to the nonmoving party. That party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in pleadings to defeat a motion for summary judgment. Id. at 324. Instead, that party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

The Court views evidence and any inferences from evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). The question posed by summary judgment is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252.

## III. Discussion

### A. Scope of Federal Habeas Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits when a federal court may grant habeas relief to a state prisoner. 28 U.S.C. § 2254(d). Further, the AEDPA requires federal courts to give deference to state court adjudications in close cases involving uncertain Supreme Court precedent. See Mitchell v. Esparza, 540 U.S. 12, 17 (2003) (*per curiam*)

("A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous."). Both of these aspects of the AEDPA come into play in considering the instant petition.

### B. This Action is Barred by the One-Year Period of Limitation

Respondents first argue that petitioner's *habeas* claim is barred by the applicable one-year period of limitation found in 28 U.S.C. § 2244(d)(1).

> A petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has bene newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (citing 28 U.S.C. § 2244(d)(1)).

Here, the October 1, 2013, Judgment entered in petitioner's criminal case became final on October 15, 2013, which was the last day on which petitioner could have filed a notice of appeal. See N.C.R.App.P. 4(a) (2013) (fourteen days to serve notice of appeal); Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) ("We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."). Under Section 2244(d)(1)(A), petitioner had one-year from when the state court Judgment became final to file this petition. Thus, when considered under that provision, the June 1, 2018, filing of this action is untimely by over three-and-a-half years.

Under Section 2244(d)(1)(D), however, petitioner contends that the period of limitations did not begin to run until he discovered the factual predicate of his claim, to wit, that Mr. Hunt represented both him and the child victim at the same time. This argument brings into play the second aspect of the AEDPA, deference to state-court decisions. In the Order on the MAR (#1-12), Judge Gavenus held, based upon his *in camera* review of the child victim's juvenile records, that petitioner's counsel did *not* represent the victim until over three months after entry of defendant's guilty plea and, thus, there was no conflict of interest as petitioner asserted in state court.³ MAR Order (#1-12) at ¶ 37. While the court has accepted as true petitioner's argument that that he was not given access to the victim's juvenile records during the hearing of the MAR (although it appears he did not ask), this federal Court must give deference to the state court's factual finding as petitioner's inability to confirm that finding is not a showing that such factual finding was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). The Fourth Circuit has long held that where there is a legitimate governmental interest in maintaining secrecy, *in camera* review by judges does not violate due process. In re Grand Jury Proceedings, 674 F.2d 309 (4th Cir. 1982); In re Grand Jury Subpoena, 884 F.2d 124, 126 (4th Cir. 1989). This applies equally to juvenile records, as due process is protected by *in camera* review by a judge as states have a "compelling interest in protecting its child-abuse information." Pennsylvania v. Ritchie, 480 U.S. 39, 60 (1987). Thus, the alleged "undisclosed conflict of interest" cannot be a newfound factual predicate under § 2244(d)(1)(D)

---

³    As such, the Court cannot find an actual conflict exists. If every lawyer was prevented from working with anyone connected in any way at a later time to a previous client, lawyers would quickly be out of work, especially in a small town like the one plaintiff, plaintiff's counsel, and the victim reside in.

where the state court has reasonably determined that no conflict existed. The fact that petitioner was not able to review the juvenile records of the victim to confirm this determination is of no impact to the analysis.

Further, the court also notes that neither petitioner's MAR, filed on June 4, 2016, nor his *certiorari* petition, filed on December 15, 2017, can toll the one-year period, as motions or petitions filed in state court to exhaust state remedies after the statute of limitations has expired cannot breathe new life into the expired claim. Minter, 230 F.3d at 665-66 (time period after case became final for purposes of direct review but before filing a post-conviction MAR is not tolled from one-year period of limitation); see also Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 597 (M.D.N.C. 2004) (after direct review is final, a post-conviction MAR tolls the one-year period of limitation when it is initially filed); Jurado v. Burt, 337 F.3d 638 (6th Cir. 2003) (where state law did not have time limit on filing state post-conviction motion, a 19-month delay in filing state motion barred federal habeas review because the federal one-year period of limitation ran out in the interim). As such, the court finds that petitioner's habeas petition is thus time-barred under 28 U.S.C. § 2244.

### C. Alternative Review of Substantive Claims

Even if petitioner's claims were not time barred under Section 2244(d), the Court has, in the interests of thoroughness, also considered petitioner's ineffective assistance of counsel claims.

Under Strickland v. Washington, 466 U.S. 687, 687-91 (1984), petitioner argues that his right to effective assistance of counsel was violated because: (1) his trial attorney represented the child victim at the same time as he represented petitioner; (2) his trial attorney failed to investigate and prepare a defense for plea and sentencing; (3) his trial attorney failed to review discovery with

petitioner prior to the plea; and that (4) his trial attorney failed to advise petitioner of the punishment range for each offense. Petitioner argues that he was prejudiced by these failures of counsel. Ineffective assistance of counsel claims in the context of effective representation in the plea-bargaining process is governed by Strickland. See Hill v. Lockhart, 474 U.S. 52 (1985) (applying the two-part test of Strickland to the guilty plea context); see also Meyer v. Branker, 506 F.3d 358 (4th Cir. 2007) (holding that prejudice under Hill is an objective inquiry).

Petitioner's claims of ineffective assistance of counsel fail as a matter of law. A federal court "shall not" grant habeas relief "to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" that "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As a result, a federal district court gives substantial deference to state court adjudications of state prisoner claims. White v. Woodall, 572 U.S. 415 (2014) (observing that § 2254(d)'s limitations are "a provision of law that some federal judges find too confining, but that all federal judges must obey"); Nevada v. Jackson, 569 U.S. 505 (2013) (*per curiam*). Further, reviewing courts must be mindful by not "collapsing the distinction between 'an unreasonable application of federal law' and . . . 'an incorrect or erroneous application of federal law'...." Jackson, 569 U.S. at 512 (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)). A state court's decision is an "unreasonable application of" Supreme Court case law if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Williams, 529 U.S. at 407-08.

"Surmounting *Strickland*'s high bar is never an easy task," and "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult," and

that difficulty is redoubled when "the two apply in tandem." Harrington, 562 U.S. at 105-106. Here, petitioner raised the same claims he raises here in his MAR, which Judge Gavenus adjudicated and denied on the merits in his Order (#1-12). Such a denial is accorded tremendous deference here, and the court cannot find that petitioner has satisfied his burden of showing that the state court's application of Strickland was unreasonable. Harrington, 562 U.S. at 105-106.

In addition, petitioner has not shown any defect in the state court proceedings. See Robinson v. Polk, 438 F.3d 350, 368 (4th Cir. 2006); Fullwood v. Lee, 290 F.3d 663, 681 (4th Cir. 2002), cert. denied, 537 U.S. 1120 (2003). While petitioner argues here that he has not seen the child victim's juvenile court file and thus cannot verify Judge Gavenus's finding that his trial attorney did not represent the victim until three months after the plea was entered and also asserts that he never received a copy of his confession, petitioner does not explain why he did not raise those concerns in a motion for post-conviction discovery as allowed by Chapter 15A-1415(f) of the North Carolina General Statutes.

Petitioner's failure to avail himself of those remedies in state court does not create an infirmity and does not provide a basis for habeas relief. See Isaacs v. Head, 300 F.3d 123, 1250 (11th Cir. 2002) (holding that petitioner did not explain "why the discovery that he seeks now is any different from the discovery that was available to him in state courts" and that good cause is thus lacking), cert. denied, 538 U.S. 988 (2003).

## IV.     Conclusion

The court finds that petitioner's *habeas* claim fails as a matter of law, as it is time-barred by the one-year period of limitation found in Section 2244(d) and, alternatively, barred as precluded by the reasonable application of Strickland and Hill by the state court under Section

2254(d), and that respondents are entitled to summary judgment in this matter as no genuine issues of material fact remain.

## ORDER

**IT IS, THEREFORE, ORDERED** that respondent's Motion for Summary Judgment (#4) is **GRANTED** and this matter is **DISMISSED** with prejudice.

Signed: August 6, 2018

Max O. Cogburn Jr
United States District Judge